| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| SHIRLEY INFANTE | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:14-CV-324 |
| SAMARA PORTFOLIO, MANAGEMENT, L.L.C., LAW OFFICE OF JOSEPH ONWUTEAKA, P.C., JOSEPH ONWUTEAKA, INDIVIDUALLY, | § § § § § § § § | |
| Defendants. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court received and considered the report (Doc. No. 123) of the magistrate judge, who recommends that the court grant the Plaintiff, Shirley Infante's, "Motion for Attorney Fees and Costs" (Doc. No. 114) in the amount of $101,795.50. The Defendants filed timely objections (Doc. No. 124) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). A party filing objections must specifically identify the findings to which they object. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Frivolous, conclusive or general objections do not need to be considered by the district court. *Id*.

The court has conducted a *de novo* review of the report and recommendation, and concludes that the magistrate judge correctly found that Infante was entitled to her attorneys' fees and costs in the amount requested. Defendants' objections focus on the argument that Infante did not properly designate her counsel as an expert, did not produce expert reports, and did not timely disclose her counsels' time records in discovery.[1]

As a preliminary matter, the Fifth Circuit has recently rejected essentially these same arguments. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157-59 (5th Cir. 2015). In any event, contrary to the Defendants' assertion, Infante did serve a timely designation of her two experts on attorneys' fees by the July 1, 2016, deadline. *See* Doc. Nos. 28, 118-1. Nevertheless, "attorneys testifying solely on the topic of attorneys' fees are generally not required to provide expert reports." *Martin v. J.A.M. Distrib. Co.*, No. 1:08-CV-298, 2009 WL 10677606, at *2 (E.D. Tex. Apr. 17, 2009) (quoting *Kondos v. Allstate Texas Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at 18 (E.D. Tex. Apr. 25, 2005)). It is the custom and practice in this district and elsewhere not to require attorneys to provide expert reports on attorneys' fees. *Martin*, 2009 WL 10677606, at *2. The Federal Rules of Civil Procedure only require the disclosure of experts and their reports if the expert will be used at trial. *See* FED. R. CIV. P. 26(a)(2)(A)(B). Lastly, Infante did not fail to timely disclose her attorneys' time records. The Defendants point to their third Request for Production in which they ask for "any and all documents" Infante would offer *at the trial* of this suit. Doc. No. 116-2. Infante offered the

---

1. All of the Defendants' other objections are repetitive of arguments previously made in opposition to the motion for attorneys' fees that the magistrate judge correctly determined were without merit.

time records not at trial but in support of the motion for attorneys' fees after entry of final judgment. *See* FED. R. CIV. P. 54(d)(2)(B). Only once it was determined that Infante was entitled to attorneys' fees, Infante's counsel presented evidence of a reasonable hourly rate and the reasonableness and necessity of the work performed. Accordingly, Infante could not produce all time records in discovery. For these reasons, the court is of the opinion that the Defendants' objections (Doc. No. 124) should be **OVERRULED**.

It is **ORDERED** that Defendants' objections (Doc. No. 124) are **OVERRULED**, and the magistrate judge's report and recommendation (Doc. No. 123) is **ADOPTED**. Infante's "Motion for Attorney Fees and Costs" (Doc. No. 114) is **GRANTED**, and Infante is awarded attorneys' fees and costs in the amount of $101,795.50.

SIGNED at Beaumont, Texas, this 14th day of February, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE